IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM R. DAVIS, as executor of the estate of James W. Davis, Sr., deceased,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>-against-<br><br>RAYMOND JAMES & ASSOCIATES, INC.,<br><br>    Defendant and Cross-claim Defendant,<br><br>and<br><br>CHRISTINE M. POFFENBARGER,<br><br>    Defendant, Counterclaim Plaintiff, Cross-claim Plaintiff and Third-Party Plaintiff,<br><br>-against-<br><br>WILLIAM R. DAVIS, JAMES W. DAVIS, JR., LINDA M. TROUTT, and STAR ENTERPRISE, INC.,<br><br>Third-party Defendants. | Civil Action No. _____ |

**NOTICE OF REMOVAL**

TO:    THE UNITED STATES DISTRICT COURT
        FOR THE DISTRICT OF DELAWARE

        PLEASE TAKE NOTICE that third-party defendant Star Enterprise, Inc. ("Star Enterprise"), appearing for the purpose of removal and for no other purpose, has, by this Notice, caused the removal of the action pending in the Court of Chancery of the State of Delaware, New Castle County ("Court of Chancery"), to the United States District Court, District of Delaware, and states as follows:

1. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441(a), (b), and (c).

2. On or about November 19, 2004, plaintiff William R. Davis filed the summons and verified complaint (the "Original Complaint"), attached hereto as Exhibit A, naming Raymond James & Associates, Inc. and Christine M. Poffenbarger ("Poffenbarger") as defendants.

3. On or about March 18, 2005, Poffenbarger filed the answer, counterclaim, cross-claim, and third-party complaint (the "Third-Party Complaint"), attached hereto as Exhibit B, naming William R. Davis, James W. Davis, Jr., Linda M. Troutt, and Star Enterprise as third-party defendants.

4. In the Original Complaint, plaintiff seeks a declaratory judgment and injunction related to the individual retirement account ("IRA") of James W. Davis, Sr., as well as attorneys' fees and costs. No allegation in the Original Complaint relates to the pension plan in which James W. Davis, Sr. participated.

5. In the Third-Party Complaint, Poffenbarger seeks a constructive trust on certain moneys payable from an employee pension benefit plan governed by the Employment Retirement Income Security Act ("ERISA") in which James W. Davis, Sr. participated, pension payments plus interest, and attorneys' fees and costs.

6. This case is removable pursuant to 28 U.S.C. §1441(b) because the Court has original jurisdiction over the case under 28 U.S.C. §1331. Specifically, the Third-Party Complaint is an action for benefits under an employee benefit plan and the case therefore falls within the scope of the civil enforcement provision of ERISA, §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B). *See Metropolitan Life Ins. Co. v. Taylor*, 481

U.S. 58, 63-66 (1987); *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 354-55 (3d Cir.), *cert. denied*, 116 S. Ct. 564 (1995).

7. The case is removable pursuant to 28 U.S.C. §1441(c) because the Third-Party Complaint presents a "separate and independent controversy" and Star Enterprise should not be precluded from removing merely because of the procedural happenstance that it was joined as a third-party defendant instead of as an original defendant. *See Carl Heck Eng'rs, Inc. v. LaFourche Parish Police Jury*, 622 F.2d 133, 135-36 (5th Cir. 1980).

8. This Notice of Removal is filed on behalf of Star Enterprise within the time allowed by 28 U.S.C. § 1446(b), *i.e.*, within 30 days after receipt by Star Enterprise of the Third-Party Complaint. Star Enterprise was served with the Third-Party Complaint on April 19, 2005.

9. Pursuant to 28 U.S.C. § 1441(c), this Court may, in its discretion, sever the Third-Party Complaint (and the ERISA claim it presents) from the remainder of the case, and remand the remaining matters to the Court of Chancery, if this Court so chooses.

10. A true and correct copy of this Notice of Removal has been contemporaneously filed with the Court of Chancery and copies have been served upon all other parties.

11. No prior application for the same or similar relief has been made to this or to any other court.

WHEREFORE, Star Enterprise removes the above-entitled action now pending in the Court of Chancery to this Court, and respectfully requests that this action be placed upon the docket of this Court for further proceedings, as though this action originally had been instituted in this Court.

POTTER, ANDERSON & CORROON LLP

By: _____
Laurie Selber Silverstein (#2396)
Sarah E. DiLuzio (#4085)
Hercules Plaza
1313 North Market Street
P.O. Box 951
Wilmington, Delaware 19801
(302) 984-6000
lsilverstein@potteranderson.com
sdiluzio@potteranderson.com

*Attorneys for Third-Party Defendant
Star Enterprise, Inc.*

*Of counsel:*

Frederick A. Brodie
Kristen R. Fournier
PILLSBURY WINTHROP SHAW PITTMAN LLP
1540 Broadway
New York, NY 10036
(212) 858-1000

Dated: May 12, 2005
681129

## CERTIFICATE OF SERVICE

I, Sarah E. DiLuzio, hereby certify that on May 12, 2005, I electronically filed true and correct copies of the foregoing NOTICE OF REMOVAL with the Clerk of the Court using CM/ECF which will send notification of such filing, which is available for viewing and downloading from CM/ECF, and hand delivered two (2) copies to the following counsel of record:

David J. Ferry, Jr., Esq.
Ferry, Joseph & Pearce, P.A.
824 N. Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19801
dferry@ferryjoseph.com

Robert A. Penza, Esq.
Peter M. Sweeney, Esq.
Gordon, Fournaris & Mammarella, P.A.
1925 Lovering Avenue
Wilmington, DE 19806
rpenza@gfmlaw.com

Raymond James & Associates, Inc.
c/o Registered Agent
The Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801

/s/ Sarah E. DiLuzio
Sarah E. DiLuzio (DSB ID No. 4085)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Post Office Box 951
Wilmington, Delaware 19899-0951
Tel: (302) 984-6000
E-mail: sdiluzio@potteranderson.com

681129