IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM R. DAVIS, as executor of the estate of James W. Davis, Sr., deceased,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>  -against-<br><br>RAYMOND JAMES & ASSOCIATES, INC.,<br><br>    Defendant and Cross-claim Defendant,<br><br>and<br><br>CHRISTINE M. POFFENBARGER,<br><br>    Defendant, Counterclaim Plaintiff, Cross-claim Plaintiff and Third-Party Plaintiff,<br><br>  -against-<br><br>WILLIAM R. DAVIS, JAMES W. DAVIS, JR., LINDA M. TROUTT, and STAR ENTERPRISE, INC.,<br><br>Third-Party Defendants. | Civil Action No. 05-288 |

**STAR ENTERPRISE, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS
THE THIRD-PARTY COMPLAINT**

|  |  |
|---|---|
|  | POTTER ANDERSON & CORROON LLP<br>Laurie Selber Silverstein (#2396)<br>Sarah E. DiLuzio (#4085)<br>1313 North Market Street<br>P.O. Box 951<br>Wilmington, Delaware 19801<br>(302) 984-6000 |
| PILLSBURY WINTHROP SHAW PITTMAN LLP<br>Frederick A. Brodie<br>Kristen R. Fournier<br>1540 Broadway<br>New York, New York 10036<br><br>Dated: May 17, 2005 | *Attorneys for Third-Party Defendant Star Enterprise, Inc.* |

Third-Party Defendant Star Enterprise, Inc. ("Star Enterprise") submits this memorandum of law in support of its motion to dismiss, for failure to exhaust administrative remedies, the Third-Party Complaint filed by Defendant, Counterclaim Plaintiff, Cross-claim Plaintiff and Third-Party Plaintiff Christine M. Poffenbarger ("Poffenbarger").[1]

## PROCEDURAL HISTORY

On or about November 19, 2004, plaintiff William R. Davis filed a verified complaint (the "Original Complaint") in the Court of Chancery for the State of Delaware, New Castle County, naming Raymond James & Associates, Inc. and Poffenbarger as defendants. In the Original Complaint, plaintiff seeks a declaratory judgment and injunction related to the individual retirement account ("IRA") of his father, James W. Davis, Sr. ("Decedent").

On or about March 18, 2005, Poffenbarger filed her answer, counterclaim, cross-claim, and third-party complaint (the "Third-Party Complaint"), naming William R. Davis, James W. Davis, Jr., Linda M. Troutt, and Star Enterprise as third-party defendants. In the Third-Party Complaint, Poffenbarger seeks a constructive trust on certain moneys payable from an employee pension benefit plan in which Decedent participated. The pension plan is governed by the Employment Retirement Income Security Act of 1974, as amended ("ERISA").

On May 12, 2005, Star Enterprise removed the case to this Court pursuant to 28 U.S.C. §§1441(b) and (c). Federal jurisdiction over the claim against Star Enterprise exists because the Third-Party Complaint is an action for benefits under an employee

---

[1] The declaration of Rhonda Iselt, filed herewith, is cited as "Iselt Dec."

benefit plan and therefore falls within the scope of the civil enforcement provision of ERISA, §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B).

Star Enterprise moves to dismiss the Third-Party Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because Poffenbarger has improperly sued on a claim for benefits without having first exhausted the administrative remedies provided under the benefit plan.

## FACTUAL BACKGROUND

Decedent was a participant in an employee pension benefit plan known as the Star Enterprise Group Pension Plan. (Iselt Dec. ¶ 3.) As of December 31, 2004, the Star Enterprise Group Pension Plan was merged into the Star Enterprise Retirement Plan (the "Star Plan"). (*Id.*)

The Star Plan provides administrative remedies to participants and beneficiaries who do not receive a distribution from the Star Plan when due, or who do not agree with a matter pertaining to their benefits under the Star Plan. Those administrative remedies are set forth in Article XIII ("Claim Procedures") of the Star Plan. (Iselt Dec. ¶ 4.) In addition, Chevron Corporation, which administers the Star Plan, has issued simplified instructions for filing and appealing administrative claims for benefits. (Iselt Dec. ¶ 5.) Adherence to these simplified instructions will be deemed to exhaust the administrative remedies under the Star Plan. (*Id.*)

Poffenbarger has sued Star Enterprise because she claims that certain benefits under the Star Plan should be paid to her. (Third-Party Complaint ¶¶ 35, 37.) However, Poffenbarger has not initiated the administrative procedures under the Star Plan, or the simplified procedures referred to above. (Iselt Dec. ¶ 6.)

## **ARGUMENT**

In the Third Circuit, a claimant seeking benefits from a plan governed by ERISA must first exhaust her administrative remedies before filing a court action. *See Harrow v. Prudential Ins. Co.*, 279 F.3d 244, 249 (3d Cir. 2002). *Accord Berger v. Edgewater Steel Co.*, 911 F.2d 911, 916 (3d Cir. 1990); *Weldon v. Kraft, Inc.*, 896 F.2d 793, 800 (3d Cir. 1990); *Wolf v. National Shopmen Pension Fund*, 728 F.2d 182, 191 (3d Cir. 1984). A claimant will be excused from exhausting administrative procedures only under very narrow circumstances, namely, if she provides "a clear and positive showing of futility." *Harrow*, 279 F.3d at 249. *Accord Berger*, 911 F.2d at 916. Where the claimant fails to provide allegations that her administrative remedies were exhausted, or evidence that such exhaustion would be futile, her claim will be dismissed. *See, e.g., Weldon*, 896 F.2d at 800.

Strict enforcement of the exhaustion requirement in ERISA cases promotes numerous federal policies. Courts require exhaustion of administrative remedies to ensure that claims for employee benefits have been fully considered by fiduciaries before they reach the courts; to enhance the ability of fiduciaries to "expertly and efficiently manage" plans by "preventing premature judicial intervention"; to promote "consistent treatment of claims"; to permit the correction of plan interpretation and/or administration; to provide a "nonadversarial dispute resolution process"; and to decrease the cost and time of claims settlement. *See Harrow*, 279 F.3d at 249 (internal citations omitted).

In this case, Poffenbarger fails to allege that she has exhausted the Star Plan's administrative procedures. Indeed, she has failed to initiate those procedures. (Iselt Dec. ¶ 6.) Further, Poffenbarger has failed to show that the Star Plan's administrative

procedures would be futile with respect to her claims. Accordingly, under the Third Circuit precedent cited above, Poffenbarger's claims must be dismissed so that she may avail herself of the applicable administrative processes. *Accord Coomer v. Bethesda Hosp., Inc.*, 370 F.3d 499, 504 (6th Cir. 2004); *Hall v. Nat'l Gypsum Co.*, 105 F.3d 225, 331 (5th Cir. 1997); *Wilczynski v. Lumbermens Mut. Cas. Co.*, 93 F.3d 397, 401-02 (7th Cir. 1996); *Hickey v. Digital Equip. Corp.*, 43 F.3d 941, 945 (4th Cir. 1995); *Communications Workers v. AT & T*, 40 F.3d 426, 431-32 (D.C. Cir. 1994); *Kennedy v. Empire Blue Cross & Blue Shield*, 989 F.2d 588, 594 (2d Cir. 1993); *Amato v. Bernard*, 618 F.2d 559, 567 (9th Cir. 1980).

## CONCLUSION

For the foregoing reasons, Star Enterprise respectfully submits that the Third-Party Complaint should be dismissed for failure to exhaust administrative remedies.

POTTER, ANDERSON & CORROON LLP

By: /s/ Sarah E. DiLuzio
Laurie Selber Silverstein (#2396)
Sarah E. DiLuzio (#4085)
Hercules Plaza
1313 North Market Street
P.O. Box 951
Wilmington, Delaware 19801
(302) 984-6000
lsilverstein@potteranderson.com
sdiluzio@potteranderson.com

*Attorneys for Third-Party Defendant Star Enterprise, Inc.*

5

Of counsel:

Frederick A. Brodie
Kristen R. Fournier
PILLSBURY WINTHROP SHAW PITTMAN LLP
1540 Broadway
New York, NY 10036
(212) 858-1000


Dated:   May 17, 2005

682524/39119

## CERTIFICATE OF SERVICE

I, Sarah E. Diluzio, hereby certify that on May 17, 2005, I electronically filed true and correct copies of the foregoing STAR ENTERPRISE, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE THIRD-PARTY COMPLAINT with the Clerk of the Court using CM/ECF which will send notification of such filing, which is available for viewing and downloading from CM/ECF, and hand delivered two (2) copies to the following counsel of record:

David J. Ferry, Jr., Esq.
Ferry, Joseph & Pearce, P.A.
824 N. Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19801
dferry@ferryjoseph.com

Robert A. Penza, Esq.
Peter M. Sweeney, Esq.
Gordon, Fournaris & Mammarella, P.A.
1925 Lovering Avenue
Wilmington, DE 19806
rpenza@gfmlaw.com

Kevin J. Connors, Esq.
Marshall Dennehey Warner Coleman & Goggin
1220 North Market Street, 5th Floor
Wilmington, DE 19801
kconnors@mdwcg.com

/s/ Sarah E. DiLuzio
Sarah E. DiLuzio (DSB ID No. 4085)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Post Office Box 951
Wilmington, Delaware 19899-0951
Tel: (302) 984-6000
E-mail: sdiluzio@potteranderson.com