EFiled: Nov 19 2004 10:54AM EST
Filing ID 4640518

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| WILLIAM R. DAVIS, as executor of the estate of James W. Davis, Sr., deceased,<br><br>    Plaintiff,<br><br>v.<br><br>CHRISTINE M. POFFENBARGER, and RAYMOND JAMES & ASSOCIATES, INC., a foreign corporation,<br><br>    Defendant. | C.A. No. 873-N |

## COMPLAINT

1. Plaintiff William R. Davis ("plaintiff") is an individual and resident of the Commonwealth of Pennsylvania.

2. Defendant Christine M. Poffenbarger ("Poffenbarger") is an individual and resident of the State of Maryland.

3. Defendant Raymond James & Associates, Inc. ("RJ") is a foreign corporation licensed to transact business in the State of Delaware.

4. Plaintiff is the duly appointed executor of the estate of James W. Davis, Sr. ("decedent") who died testate on June 12, 2004. The decedent was a resident of the State of Delaware at the time of his death.

5. The decedent owned an individual retirement account (IRA) the custodian of which was defendant RJ. The account number is 71254380.

6. At all times relevant hereto, the named beneficiary for

the IRA was defendant Poffenbarger.

7. Prior to the decedent's death, the plaintiff was the decedent's attorney-in-fact pursuant to a durable power of attorney (POA) dated November 14, 1996.

8. On June 9, 2004, at the decedent's direction, and for the sole use and benefit of the decedent, the plaintiff faxed investment instructions to RJ directing RJ to sell the IRA.

9. On information and belief, RJ processed the instructions and established a settlement date of June 14, 2004.

10. The decedent died on June 12, 2004.

11. Upon learning of the decedent's death, RJ ceased processing the sale request.

12. As of the date of this complaint, the IRA is still under the custodianship of RJ.

13. The plaintiff actually or substantially complied with RJ's requirements for transacting the sale request for the IRA. Accordingly, the IRA should be deemed to have been sold prior to the decedent's death and the proceeds of the IRA are property of the decedent's estate.

14. On information and belief, Poffenbarger claims that the IRA should be distributed to her as named beneficiary.

15. Plaintiff lacks an adequate remedy at law.

WHEREFORE the plaintiff respectfully requests that the Court enter an Order:

a) declaring that the proceeds of the IRA are the property

of the decedent's estate;

b) enjoining RJ from distributing the proceeds of the IRA pending an adjudication of this matter;

c) awarding plaintiff his attorneys' fees and court costs; and

d) granting such other relief as the Court deems equitable.

                                  FERRY, JOSEPH & PEARCE, P.A.

                                  /s/ David J. Ferry, Jr.
                                  DAVID J. FERRY, JR. (#2149)
                                  824 Market Street, Suite 904
                                  P.O. Box 1351
                                  Wilmington, DE 19899-1351
                                  (302) 575-1555
                                  Attorney for Plaintiff

Dated: November 19, 2004