IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| WILLIAM R. DAVIS, as executor of the estate of James W. Davis, Sr., deceased, | : : : : | |
| Plaintiff, | : : | C.A. No.: 873-N |
| v. | : : | |
| RAYMOND JAMES & ASSOCIATES, INC., a Florida corporation, | : : : | |
| Defendant, Crossclaim-Defendant, | : : : | |
| and | : : | |
| CHRISTINE M. POFFENBARGER, | : : | |
| Defendant, Counterclaim-Plaintiff, Crossclaim-Plaintiff and Third-Party Plaintiff, | : : : : : | |
| v. | : : | |
| WILLIAM R. DAVIS, JAMES W. DAVIS, JR., and LINDA M. TROUTT, and STAR ENTERPRISE, INC. a Delaware corporation, | : : : : : | |
| Third-Party Defendants. | : | |

## ANSWER

1. Admitted.

2. Admitted.

-1-

3. Defendant Christine M. Poffenbarger ("Poffenbarger") is without knowledge or information sufficient to form a belief as to the truth of this averment.

4. Admitted, upon information and belief.

5. Admitted.

6. Admitted.

7. Admitted, upon information and belief.

8. Admitted Plaintiff faxed instructions, but denied these instructions were what the Decedent intended. Denied that Decedent directed the sale and withdrawal of all funds from the IRA.

9. Defendant Poffenbarger is without knowledge or information sufficient to form a belief as to the truth of this averment.

10. Admitted.

11. Defendant Poffenbarger is without knowledge or information sufficient to form a belief as to the truth of this averment.

12. Admitted, upon information and belief.

13. Denied.

14. Admitted.

15. Denied.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff cannot maintain a claim due to his unclean hands in abusing his power-of-attorney in an attempt to close his father's IRA at the expense of Defendant Poffenbarger.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff cannot maintain his cause of action due to his breach of fiduciary duties to the Decedent in abusing the power-of-attorney.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff cannot maintain his claim due to insufficiency of process, Court of Chancery Rule 12(b)(4).

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff cannot maintain his claim due to insufficiency of service of process, Court of Chancery Rule 12(b)(5).

WHEREFORE, Defendant Christine M. Poffenbarger respectfully requests that the Court enter an Order:

a) denying the Plaintiff's Complaint in its entirety;

b) granting such other and further relief as the Court deems just and equitable.

**COUNTERCLAIM AND CROSSCLAIM**

16. Counterclaim and Crossclaim-Plaintiff, Christine M. Poffenbarger ("Poffenbarger"), is an adult individual residing in the State of Maryland.

17. Counterclaim-Defendant William R. Davis, individually and as executor of the Estate of James W. Davis, Sr., is an adult individual residing in the Commonwealth of Pennsylvania, upon information and belief, at 58 Rabbit Run Road, Oxford, Pennsylvania 19363.

18. Crossclaim-Defendant Raymond James & Associates, Inc. is a Florida corporation licensed to do business in the State of Delaware whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

19. James W. Davis, Sr. (the "Decedent") died on June 12, 2004.

20. Prior to Decedent's death, he owned an individual retirement account, account number 71254380 (the "IRA"). The Custodian of the account was Crossclaim-Defendant Raymond James.

21. Poffenbarger was the named beneficiary on the IRA at the time of Decedent's death and thus, entitled to receive the proceeds of the IRA.

22. Upon information and belief, Counterclaim and Third-Party Defendant William R. Davis was the Decedent's Attorney-in-fact pursuant to a Durable Power of Attorney dated November 14, 1996.

23. As the Decedent's Attorney-in-fact, Counterclaim and Third-Party Defendant William R. Davis owed a fiduciary duty to Decedent to fulfill the Decedent's wishes as to the IRA.

24. Since Poffenbarger is a third-party beneficiary of the IRA, Counterclaim and Third-Party Defendant William R. Davis owed a fiduciary duty to Poffenbarger.

25. Counterclaim and Third-Party Defendant William R. Davis breached his fiduciary duties by attempting to close the IRA and withdraw the monies for his own benefit and the benefit of his siblings, contrary to Decedent's intention that the monies in the IRA pass to Poffenbarger.

26. Poffenbarger is the named beneficiary of the IRA and Crossclaim-Defendant Raymond James is in breach of its duties to Poffenbarger as the beneficiary of the IRA by not turning over the funds to her control.

WHEREFORE, the Crossclaim and Counterclaim-Plaintiff, Christine M. Poffenbarger respectfully requests that the Court enter an Order:

    a) declaring that the proceeds of the IRA are her property and not the property of the Estate of James W. Davis, Sr.;

    b) ordering Crossclaim-Defendant to deliver the proceeds of the IRA to Poffenbarger, plus interest;

    c) awarding Poffenbarger her attorneys' fees and court costs; and

    d) entering such other and further relief this Court deems just and equitable.

**THIRD-PARTY COMPLAINT**

27.   Third-Party Plaintiff Christine M. Poffenbarger ("Poffenbarger"), is an adult individual residing in the State of Maryland.

28.   Counterclaim and Third-Party Defendant William R. Davis, individually and as executor of the Estate of James W. Davis, Sr., is an adult individual residing in the Commonwealth of Pennsylvania, upon information and belief, at 58 Rabbit Run Road, Oxford, Pennsylvania 19363.

29.   Third-Party Defendant James W. Davis, Jr. is an adult individual residing in the State of Delaware, upon information and belief, at 24 Carole Road, Newark, Delaware 19713.

30.   Third-Party Defendant Linda M. Troutt is an individual residing in the State of Delaware, upon information and belief, at 266 Locust Avenue, Wilmington, Delaware 19805.

31.   Third-Party Defendant Star Enterprise is a Delaware corporation whose registered agent for service of process is The Company Corporation located at 2711 Centerville Road, Wilmington, Delaware 19808.

32.   Prior to Decedent's death, he and Poffenbarger were engaged to be married.

33.   Decedent had a pension with Star Enterprise.

34.   During their engagement, Decedent changed the amount of the pension payment.

35. Upon information and belief, Decedent executed a new beneficiary designation form naming Poffenbarger as the beneficiary at the same time he changed the amount of the pension distributions.

36. Upon information and belief, Star Enterprise has begun making the payments to the three (3) Counterclaim-Defendants pursuant to a beneficiary designation form that was superseded by Decedent filing a new form.

37. The pension payments are rightfully the property of Third-Party Plaintiff Poffenbarger.

WHEREFORE Counterclaim-Plaintiff Christine M. Poffenbarger requests that the Court enter an Order:

a) imposing a constructive trust over the pension proceeds that have been paid to the Counterclaim-Defendants;

b) direct that the monies held in the constructive trust by the Plaintiff, plus any accrued interest and all future pension payments due from Star Enterprise, be made to Counterclaim-Plaintiff Poffenbarger;

c) award Poffenbarger her costs and attorneys' fees;

d) granting such other and further relief as this Court deems just and equitable.

**GORDON, FOURNARIS & MAMMARELLA, P.A.**

Dated: March 18, 2005    **/s/ Peter M. Sweeney**
Robert A. Penza, Esquire (DSB #2769)
Peter M. Sweeney, Esquire (DSB #3671)
1925 Lovering Avenue
Wilmington, DE   19806
(302) 652-2900
Attorneys for Defendant, Crossclaim-Plaintiff, Counterclaim-Plaintiff and Third-Party Plaintiff Christine M. Poffenbarger

-8-