IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM R. DAVIS, as executor of the estate of James W. Davis, Sr., deceased, : : : : Plaintiff, Counterclaim-Defendant, : : : v. : : RAYMOND JAMES & ASSOCIATES, INC., : : Defendant, Crossclaim-Defendant, : : and : : CHRISTINE M. POFFENBARGER, : : Defendant, Counterclaim-Plaintiff, Crossclaim-Plaintiff and Third-Party Plaintiff, : : : : : v. : : WILLIAM R. DAVIS, JAMES W. DAVIS, JR., and LINDA M. TROUTT, and STAR ENTERPRISE, INC., : : : : Third-Party Defendants. : | C.A. No.: 05-288 (KAJ) |

**CHRISTINE M. POFFENBARGER'S ANSWERING MEMORANDUM OF LAW
IN OPPOSITION OF STAR ENTERPRISE, INC.'S MOTION TO
<u>DISMISS HER THIRD-PARTY COMPLAINT</u>**

NOW COMES, Defendant, Counterclaim Plaintiff, Cross-claim Plaintiff, and Third-Party Plaintiff Christine M. Poffenbarger ("Poffenbarger") and submits her answering memorandum of law seeking denial of Third-Party Defendant Star Enterprise, Inc.'s

("Star Enterprise") Motion to Dismiss, and in support thereof, states as follows:

## PROCEDURAL HISTORY

In most respects, Star Enterprise's statement of the procedural history of this litigation is correct. Poffenbarger will not restate the Procedural History of Star Enterprise. Still, Star Enterprise incorrectly stated the relief Poffenbarger seeks in the Third-Party Complaint. Poffenbarger does wish to have a constructive trust imposed over the funds of the Star Enterprise Group Pension Plan (the "Plan") that have already been distributed to the other named Third-Party Defendants, William R. Davis, Linda Troutt and James W. Davis, Jr. The constructive trust is only to be imposed on those monies already distributed from the Plan. The relief sought against Star Enterprise is a determination by the Court that Poffenbarger is the named beneficiary of James W. Davis, Sr. and entitled to receive all future Plan payments.

Poffenbarger now requests that this Court deny Star Enterprise's Motion to Dismiss the Third-Party Complaint because (i) she attempted to exhaust her administrative remedies; (ii) the Plan does not allow Poffenbarger to bring a claim pursuant to its claim procedures; and (iii) she was never provided with a Summary Plan Description.

**FACTUAL BACKGROUND**

In the Spring of 1995, James W. Davis, Sr. ("Decedent") met Poffenbarger. On Christmas Day 1997, Decedent and Poffenbarger became engaged. Decedent was an employee of Star Enterprise and participated in the Star Enterprise Group Pension Plan, if not another Star Enterprise pension plan. Decedent passed away on June 12, 2004, and at that time, Poffenbarger and Decedent were still engaged to be married.

Decedent wanted to name Poffenbarger as the primary beneficiary for the Plan, but since, Poffenbarger was not Decedent's spouse she could not be named as the primary beneficiary pursuant to the terms of the Plan without changing his annuity option. Decedent could either choose to keep his standard annuity payments which would cease upon his death or he could accept a lower monthly annuity payment, but have a guaranteed 10-year payout. Under this second option, Poffenbarger could be selected as the primary beneficiary.

In March 2002, Decedent had Poffenbarger fill out the required forms to select the 10-year guaranteed annuity under the terms of the Plan and to change the beneficiary designation to Poffenbarger as the primary beneficiary and Decedent's three (3) children as the secondary beneficiaries. Poffenbarger did not retain a copy of the forms, but was informed by Decedent that the forms had been

received by Star Enterprise since he received approximately $100.00 less per month for his pension annuity payment.

After an approximate 39 month battle with lung cancer, Decedent passed away on June 12, 2004. Prior to his death, he provided Poffenbarger with the account number for the Plan and contact information for Beverly Gaither, the Decedent's contact person at the Plan. After Decedent's death, Poffenbarger contacted Ms. Gaither and was informed she was not the named beneficiary according to Star Enterprise's records. After confirming the proper address with Ms. Gaither, Poffenbarger's attorney wrote to the Service Center for the Plan concerning Poffenbarger's status as Decedent's beneficiary of the Plan payments. See the August 18, 2004 letter attached as Exhibit "A". Neither Poffenbarger nor her attorney ever received a response to the August 18, 2004 letter.

On or about November 19, 2004, William R. Davis filed suit against Poffenbarger concerning payments from an individual retirement account ("IRA"). As part of her response to that lawsuit and in the interest of judicial economy, as many of the parties and issues were the same, Poffenbarger filed her Third-Party Complaint concerning distributions under the terms of the Plan on March 18, 2005.

**ARGUMENT**

I. **POFFENBARGER HAS MET THE CLEAR AND POSITIVE SHOWING OF FUTILITY STANDARD.**

It is well settled law that, "Except in limited circumstances ... a federal court will not entertain an ERISA claim unless the plaintiff has exhausted the remedies available under the plan." Weldon v. Kraft, 896 F.2d 793, 800 (3d Cir. 1990). Still, "A plaintiff is excused from exhausting administrative remedies under ERISA if it would be futile to do so." Harrow v. Prudential Ins. Co., 279 F.3d 244, 249 (3d Cir. 2002). "Plaintiffs merit waiver of the exhaustion requirement when they provide a clear and positive showing of futility." Id.

The case law lists five (5) non-inclusive factors that a court should weigh when considering to excuse exhaustion of administrative remedies on the grounds of futility:

> Whether to excuse exhaustion on futility grounds rests upon weighing several factors, including: (1) whether plaintiff diligently pursued administrative relief; (2) whether plaintiff acted reasonably in seeking immediate judicial review under the circumstances; (3) existence of a fixed policy denying benefits; (4) failure of the insurance company to comply with its own internal administrative procedures; and (5) testimony of plan administrators that any administrative appeal was futile. Of course, all factors may not weigh equally.

Id., at 250.  See Berger v. Edgewater Steel Co., 911 F.2d 911, 916-17 (3d Cir. 1990); Metz v. United Counties Bancorp., 61 F.Supp.2d 364, 383-84 (D.N.J. 1999).

Poffenbarger diligently attempted to exercise the Plan's administrative remedies to the best of her abilities and with the knowledge she had in her possession.  Poffenbarger never received a copy of the Plan, nor did she ever receive a copy of the summary plan description which would have outlined the Plan's claim procedures.  The only information Poffenbarger had was the information provided by the Decedent before his death: the account number for the Plan, the name of a contact person (Beverly Gaither), a phone number and a post office box address located in Little Falls, New Jersey.

The Decedent passed away on June 12, 2004.  Between June 12, 2004 and August 18, 2004, Poffenbarger did attempt to have the Plan annuity payments sent to her, but was informed she was not the named beneficiary.  Since this information did not coincide with her knowledge of Decedent executing a change in beneficiary form at the same time he elected a 10-year Guaranteed annuity under the Plan, Poffenbarger consulted an attorney.

Poffenbarger's attorney confirmed the address to which he needed to send an inquiry concerning the payments that should be made under the Plan to Poffenbarger as a Little Falls, New Jersey post office box.  Poffenbarger's attorney then sent the August 18,

2004 letter, attached as Exhibit A, requesting receipt of the guaranteed annuity payments on behalf of Poffenbarger. To this date, no response has been received as to the August 18, 2004 letter.

Clearly, upon the fact stated above, Poffenbarger diligently pursued the administrative remedies of the Plan, even though the actual claims procedures of the Plan were unknown to her. She had submitted a written claim to receive the Guaranteed Annuity payments in just over two (2) months from her fiance's death. The recently supplied Claims Procedures of the Plan allows two (2) years to bring a claim.

Additionally, Star Enterprise failed to comply with its own internal claim procedures. Only through initiation of this litigation against Star Enterprise did Poffenbarger come into possession of a copy of the Plan and the simplified instructions for filing an administrative claim. The Claims Procedures required a response to a written claim within 90 days either granting the claim or if the claim is denied, then such notice had to provide:

> 1. specific reasons for the denial, as well as the specific plan provisions on which the denial is based;
>
> 2. a description of any additional information that could help you or your Beneficiary complete the claim and reasons why the information is needed;
>
> 3. information about how you or your Beneficiary can appeal the denial of the claim;

> 4. a statement explaining you or your Beneficiary's right to file a civil lawsuit under section 502(a) of ERISA if you or your Beneficiary's appeal is denied.

See the simplified instruction on how to file a claim attached hereto as Exhibit "B". As such, Poffenbarger attempted to exhaust the Plan remedies, but when no response was forthcoming from Star Enterprise, Poffenbarger had no choice but to file the Third-Party action against Star Enterprise.

## II. THE CLAIMS PROCEDURE OF THE PLAN DOES NOT APPLY TO THE CLAIM RAISED BY POFFENBARGER.

As stated above, it is well settled law that, "Except in limited circumstances ... a federal court will not entertain an ERISA claim unless the plaintiff has exhausted the remedies available under the plan." Weldon, at 800. From the language of the claims procedure, Poffenbarger does not have any remedies available under the Plan.

According to the Declaration of Rhonda Iselt, "4. The Star Plan provides administrative remedies to **participants and beneficiaries** who do not receive a distribution for the Star Plan when due, or who do not agree with a matter pertaining to their benefits under the Star Plan." (emphasis added). Further, according to the terms of the Claims Procedures a "Member or Beneficiary" may bring a claim. A "Member" is defined in section 1.42 of the Plan as "An Employee who becomes a Member of the Plan,

as provided in Article II, and who has not died or received all of the retirement income to which he or she is entitled under the Plan." Poffenbarger clearly does not qualify as a Member under the Plan. See Exhibit A to the Declaration of Rhonda Iselt. A "Beneficiary" is defined in section 1.11 of the Plan as "The Person or Persons designated pursuant to Section 10.1." Id. According to Star Enterprise's records and what she was told by Star Enterprise personnel, Poffenbarger is not the named beneficiary of the Decedent for the Plan. Therefore, Poffenbarger does not have a right or obligation to bring an action under the express terms of the Claims Procedure. As such, Poffenbarger requests that the court make a determination that she is the beneficiary. If Poffenbarger wins her lawsuit, at that time she will be subject to the claims procedures in question, which undoubtedly will not be necessary since Poffenbarger will be regarded as the lawful beneficiary.

Star Enterprise is trying to have it both ways with its Motion to Dismiss. First, Poffenbarger was informed by Star Enterprise she was not the named beneficiary and not entitled to any information, let alone, distribution under the Plan. Now, Star Enterprise is arguing that Poffenbarger is a beneficiary and subject to the administrative claims procedure. Star Enterprise cannot have it both ways. If Poffenbarger is a beneficiary and subject to the claims procedure, then Star Enterprise needs to

begin making the guaranteed annuity payments to Poffenbarger. If Poffenbarger is not a beneficiary, then she is not subject to the claims procedures and can maintain this lawsuit.

### III. IN THE ALTERNATIVE, POFFENBARGER REQUESTS THAT THE THIRD-PARTY LITIGATION BE STAYED PENDING SUBMISSION OF HER ADMINISTRATIVE CLAIM TO STAR ENTERPRISE.

If the Court does decide that Poffenbarger is subject to the Claims Procedure of the Plan and has not exhausted the administrative remedies of the Plan, then Poffenbarger requests that the Third-Party action be stayed pending the outcome of Poffenbarger's administrative claim to Star Enterprise. The state law, IRA claim filed by William R. Davis could be severed from the Third-Party action and remanded to the Court of Chancery for proceeding so that his claim would not be delayed pending resolution of the administrative proceedings.

Additionally, there would be no prejudice to Star Enterprise or the other Third-Party Defendants as they will not have to expend any legal fees while the administrative proceedings move forward. In the alternative, if the Third-Party Complaint is dismissed as to Star Enterprise, then Poffenbarger may have to expend additional counsel fees and filing fees to re-initiate the litigation upon an administrative decision denying her claim. Further, Poffenbarger may be subject to additional Motions to Dismiss for failure to join an indispensable party, namely Star Enterprise. These potential

risks can be avoided if the Third-Party action is stayed pending any required administrative claims process instead of being dismissed outright.

## CONCLUSION

For the foregoing reasons, Defendant, Counterclaim Plaintiff, Cross-claim Plaintiff, and Third-Party Plaintiff Christine M. Poffenbarger respectfully requests that this honorable Court enter an order **DENYING** Third-Party Defendant Star Enterprise's Motion to Dismiss.

**GORDON, FOURNARIS & MAMMARELLA, P.A.**

**/s/ Peter M. Sweeney**

Date: June 10, 2005

_____
Robert A. Penza, Esquire (DSB #2769)
Peter M. Sweeney, Esquire (DSB #3671)
1925 Lovering Avenue
Wilmington, DE  19806
(302) 652-2900
psweeney@gfmlaw.com
Attorneys for Defendant, Crossclaim-Plaintiff, Counterclaim-Plaintiff and Third-Party Plaintiff Christine M. Poffenbarger