# EXHIBIT

# A

# GORDON, FOURNARIS & MAMMARELLA, P.A.
### ATTORNEYS AT LAW
### 1925 LOVERING AVENUE
### WILMINGTON, DELAWARE 19806

PETER S. GORDON*
THOMAS MAMMARELLA
EMMANUEL G. FOURNARIS*
ROBERT A. PENZA
BRYAN E. KEENAN*
PETER M. SWEENEY
FRANCIS X. GORMAN
MICHAEL M. GORDON**

*ALSO PENNSYLVANIA BAR
**ALSO MARYLAND BAR
+ALSO NEW YORK BAR

TELEPHONE NUMBER:
(302) 652-2900
TELECOPIER NUMBERS:
(302) 652-1142
(302) 652-2348

SPECIAL COUNSEL
GROVER C. BROWN
MICHAEL J. MAIMONE+

August 18, 2004

Service Center
Service Support Team
P.O. Box 455
Little Falls, New Jersey  07424

    Re:   **Estate of James W. Davis, Sr.**
           **Account No.:  0288351-00-00**

Dear Sir/Madam:

    Please be advised that we represent Christine M. Poffenbarger. Ms. Poffenbarger is under the impression that she is the last named beneficiary of the above life annuity policy which was acquired on or about April, 2002. It is Ms. Poffenbarger's understanding that the above policy is guaranteed for a period of ten years. Unfortunately, the owner of the policy, James W. Davis, Sr. passed away on June 12, 2004, thus if Ms. Poffenbarger remains as the beneficiary of the above account, she should be receiving the guaranteed monthly pension benefits.

    Accordingly, if your records confirm that our client is the last designated beneficiary of the above life annuity policy, then please contact me so that we can coordinate the assignment of any benefits due and owing to our client. Alternatively, if your records reflect that someone other than Christine M. Poffenbarger is the last designated beneficiary of this account, then I would require a copy of any documentation you have to support this contention.

    I thank you in advance for your prompt attention to this matter.

                            Yours truly,

                            Robert A. Penza

RAP/cnc

cc.  Ms. Christine M. Poffenbarger
      Peter S. Gordon, Esquire

J:\P\Poffenbarger.C\Wachovia Ltr-081804.wpd

# EXHIBIT

# B

# How to File a Claim

If you or your Beneficiary believes that you're entitled to a benefit from the Plan that you didn't receive, you or your Beneficiary can file a written claim for that benefit with ChevronTexaco. Address your letter as follows:

> ChevronTexaco Corporation
> Retirement Plan Administrator
> P.O. Box 6075
> San Ramon, CA 94583-0775

If you or your Beneficiary files a claim for a benefit, ChevronTexaco will send you or your Beneficiary a decision on the claim within 90 days after the claim is received. However, if there are special circumstances that require additional time, the company will advise you or your Beneficiary that additional time is needed and then will send you or your Beneficiary a decision within 180 days after the claim is received.

If the claim for a benefit is denied (in whole or in part), ChevronTexaco will send you or your Beneficiary a written explanation that includes:

- specific reasons for the denial, as well as the specific plan provisions on which the denial is based;

- a description of any additional information that could help you or your Beneficiary complete the claim and reasons why the information is needed;

- information about how you or your Beneficiary can appeal the denial of the claim;

- a statement explaining your or your Beneficiary's right to file a civil lawsuit under section 502(a) of ERISA if your or your Beneficiary's appeal is denied.

## Appeals Procedures

If a claim is denied in whole or in part and you want to appeal the denial, you or your Beneficiary must do so within 90 days after you or your Beneficiary received written notice of the denial.

The appeal must be in writing, must describe the grounds on which it's based and should include any documents, records, written comments or other information you feel will support the appeal. Before submitting the appeal, you or your Beneficiary can review and receive, at no charge, copies of plan documents, records and other information relevant to your or your Beneficiary's claim for benefits under the Plan.

The Review Panel will provide you or your Beneficiary with a written response to the appeal and will either reverse the earlier decision and provide for payment of the part of your benefit that was initially denied, or it will deny the appeal. If the appeal is denied, the response will contain:

- specific reasons for the denial and the specific plan provisions on which the denial is based;

- information explaining your or your Beneficiary's right to review and receive, at no charge, copies of plan documents, records and other information relevant to your or your Beneficiary's claim for benefits under the Plan;

- a statement explaining your or your Beneficiary's right to file a civil lawsuit under section 502(a) of ERISA.

The Review Panel doesn't have the authority to change plan provisions or to grant exceptions to plan rules.

For appeals regarding the Retirement Plan, address your written correspondence to:

Review Panel
ChevronTexaco Retirement Plan
P.O. Box 6075
San Ramon, CA 94583-0775

The Review Panel may require you or your Beneficiary to submit (at your or your Beneficiary's expense) additional information, documents or other material that it believes is necessary for the review.

You or your Beneficiary will be notified of the final determination of the appeal within 60 days after the date it's received, unless there are special circumstances that require additional time. You or your Beneficiary will be advised if more time is needed, and you'll then receive the final determination within 120 days after the appeal is received. If you or your Beneficiary does not receive a written decision within 60 or 120 days (whichever applies), you or your Beneficiary can take legal action.

## Administrative Power and Responsibilities

The Corporation has the discretionary authority to control and manage the operation and administration of the Plan. The Corporation shall have the full, exclusive and discretionary authority to prescribe such forms; make such rules, regulations, interpretations and computations; construe the terms of the Plan; determine all issues relating to participation and eligibility for benefits; and take such other action to administer the Plan as it may deem appropriate in its sole discretion. The Corporation's rules, regulations, interpretations, computations and actions shall be final and binding on all persons. Such discretionary authority can also be exercised by a delegatee.