**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

WILLIAM R. DAVIS, as executor of the estate of
James W. Davis, Sr., deceased,

            Plaintiff and Counterclaim Defendant,

    -against-

RAYMOND JAMES & ASSOCIATES, INC.,

            Defendant and Cross-claim Defendant,

and

CHRISTINE M. POFFENBARGER,

            Defendant, Counterclaim Plaintiff,
            Cross-claim Plaintiff and Third-Party
            Plaintiff,

    -against-

WILLIAM R. DAVIS, JAMES W. DAVIS, JR.,
LINDA M. TROUTT, and STAR ENTERPRISE,
INC.,

            Third-Party Defendants.

C.A. No.: 05-288 (KAJ)

**REPLY MEMORANDUM IN SUPPORT OF STAR ENTERPRISE, INC.'S
MOTION TO DISMISS THE THIRD-PARTY COMPLAINT**

POTTER, ANDERSON & CORROON LLP
Laurie Selber Silverstein (#2396)
Sarah E. DiLuzio (#4085)
1313 North Market Street
P.O. Box 951
Wilmington, Delaware 19801
(302) 984-6000

PILLSBURY PILLSBURY WINTHROP SHAW
PITTMAN LLP
Frederick A. Brodie
Kristen R. Fournier
1540 Broadway
New York, New York 10036

Dated: June 27, 2005

*Attorneys for Third-Party Defendant
Star Enterprise, Inc.*

## TABLE OF CONTENTS

Page

ARGUMENT ...................................................................................................... 1

A.  Poffenbarger has failed to exhaust the Plan's administrative remedies. ...................... 1

B.  Poffenbarger has failed to show that the Star Plan's administrative remedies are
    futile. .......................................................................................................... 3

C.  The exhaustion requirement applies to Poffenbarger's claim. ................................... 4

D.  This Court should exercise its discretion to dismiss Poffenbarger's claim for
    benefits. ...................................................................................................... 4

CONCLUSION .................................................................................................... 6

Third-Party Defendant Star Enterprise, Inc. respectfully submits this Reply Memorandum in further support of its Motion to Dismiss the Third-Party Complaint of Christine M. Poffenbarger.[1]

Poffenbarger has sued Star Enterprise for benefits under an employee pension benefit plan governed by ERISA. Citing controlling Third Circuit law, Star Enterprise moved to dismiss Poffenbarger's Third-Party Complaint because she has failed to exhaust – or even initiate – the administrative remedies provided by the Star Plan.

In response, Poffenbarger asserts that (i) she has exhausted her administrative remedies; (ii) exhaustion would be futile; and (iii) the exhaustion requirement does not apply to her claim. Poffenbarger is incorrect on all three points. Unless and until she pursues and exhausts the administrative remedies available under the Star Plan, Third Circuit case law under ERISA requires dismissal of the Third-Party Complaint.

A.    **Poffenbarger has failed to exhaust the Star Plan's administrative remedies.**

Third Circuit law is clear: federal courts should not entertain an ERISA claim for benefits unless and until the plaintiff has exhausted her administrative remedies. *See, e.g., Harrow v. Prudential Ins. Co.,* 279 F.3d 244, 249-52 (3d Cir. 2002) (finding that telephone call inquiring about benefits did not amount to exhaustion and dismissing plaintiff's claim due to failure to exhaust administrative remedies).

Poffenbarger asserts that she has exhausted the Star Plan's administrative remedies "to the best of her abilities." Poffenbarger Memorandum ("Poff. Mem.") at 6. Specifically, her attorney sent a letter to the "service center" at a post office box in Little Falls, New Jersey requesting that Mr. Davis's pension benefits be paid to Poffenbarger. Poff. Mem. Ex. A. Her

---

[1] The abbreviations and citation forms adopted in Star Enterprise's Memorandum of Law in Support of its Motion to Dismiss the Third-Party Complaint ("Opening Memorandum") are continued herein.

counsel observes that the letter was not answered. Poff. Mem. at 7. Yet, the Star Plan

demonstrates that the address used by Poffenbarger's attorney was completely wrong. The Star

Plan directs that all claims be sent to a post office box in San Ramon, California. *Compare* Iselt

Dec. Ex. A at 48 *with* Poff. Mem. Ex. A. Because Poffenbarger did not direct her claim to the

correct place, she did not exhaust the Plan's administrative remedies.

A case on point is *Gelzinis v. John Hancock Mutual Life Ins. Co.,* 1993 U.S. Dist. LEXIS

14048 (E.D. Pa. 1993)(attached hereto as Exhibit A). In *Gelzinis,* the plaintiff was required to

submit a letter to her union representative if she wished to appeal her company's benefits

decision. *See id.* at *7. Instead of writing to her union representative, the plaintiff sent a letter to

the supervisor of her company's "benefit services group." *See id.* at *1. The District Court for

the District of Pennsylvania nonetheless entered summary judgment for defendant, based on the

plaintiff's failure to exhaust administrative remedies. *See id.* at **6, 7, 10. *Accord Weldon v.*

*Kraft, Inc.,* 896 F.3d 793, 800 (3d Cir. 1990) (contact with employer's in-house counsel

regarding a claim, without more, did not constitute exhaustion of the plan's administrative

remedies); *Bourgeois v. Pension Plan for the Employees of Santa Fe International Corporations,*

215 F.3d 475, 480 (5th Cir. 2000) (series of letters to various high-ranking individuals at the

defendant corporation, including chairman of the board and senior human resources officer, did

not constitute exhaustion of administrative remedies, which required submission of claims to

plan administrator).

Nor is Poffenbarger entitled to proceed in court simply because she claims to have been

unaware of the administrative procedure in the Plan. *See Gelzinis* at **7-8 (requiring exhaustion

even though plaintiff claimed ignorance of plan's procedures). As a preliminary matter, Star

Enterprise had no responsibility under ERISA for alerting her to such procedures. *See* ERISA §

2

104(b)(1), 29 U.S.C. § 1024(b)(1) (summary plan description must be circulated to those individuals presently "receiving benefits under the plan"). Moreover, Poffenbarger's claim of ignorance now is moot because Star Enterprise has provided her with a copy of the Star Plan, as well as the simplified Chevron administrative procedures.

Accordingly, Poffenbarger has failed to exhaust her administrative remedies and her third-party complaint should be dismissed.

**B.**     **Poffenbarger has failed to show that the Star Plan's administrative remedies are futile.**

Poffenbarger suggests that, because she received no response to her misdirected inquiry letter, any further efforts to exhaust her administrative remedies would be "futile," exempting her from the exhaustion requirement. Poffenbarger's argument ignores clear Third Circuit law setting a higher standard for a finding of futility.

A plaintiff is excused from exhausting her administrative remedies under an ERISA-governed plan only when she has made a "*clear and positive* showing of futility." *Harrow,* 279 F.3d at 249 (emphasis added). The fact that Poffenbarger received no answer to a single letter sent to the wrong address in the wrong state does not constitute a "clear and positive showing" that the Star Plan's administrative process is futile. *See Harrow,* 279 F.3d at 251-52 (a single telephone inquiry before instituting a federal court action did not constitute a clear and positive showing of futility); *accord Bourgeois,* 215 F.3d at 480 (refusal of various high- ranking individuals to consider plaintiff's claim was not clear proof that the plan administrator would not consider the claim).

Similarly, Poffenbarger's assertion that she did not know the administrative procedure does not show that this procedure was futile. *See DeLong v. Teachers Ins. And Annuity Assoc.,* 2000 U.S. Dist. LEXIS 4759, 25 Employee Benefits Cas. (BNA) 1269, *14 (E.D. Pa. 2000)

(mere ignorance of the correct procedures does not rise to the level of futility); *accord Davenport v. Abrams,* 249 F.3d 130, 133 n.2 (2d Cir. 2001) (ignorance of a claim procedure does not defeat exhaustion); *Meza v. General Battery Corp.,* 908 F.2d 1262, 1279 (5th Cir. 1990) (same).

Poffenbarger has now been informed of the proper procedures.  She provides no reason why, when properly initiated, those procedures cannot work fairly and effectively.  Under Third Circuit law, this Court should at least give the administrative procedures a chance.

**C.      The exhaustion requirement applies to Poffenbarger's claim.**

Poffenbarger asserts that she is exempt from following the claims procedure set forth in the Star Plan because only a "beneficiary" is obligated to follow those procedures, and she is not a named beneficiary.  *See* Poff. Mem. at 8-9.  Poffenbarger – not Star Enterprise – is attempting to "have it both ways."  *See id.* at 9.  She seeks the pension benefits due to a beneficiary, but wishes to avoid the administrative procedures required to claim those benefits.

Contrary to Poffenbarger's suggestion, Star Enterprise is *not* arguing that Poffenbarger cannot make an administrative claim because she is not a "beneficiary."  Rather, in its motion, Star Enterprise has *invited* Poffenbarger, a putative beneficiary, to make an administrative claim. If her administrative claim is successful, Poffenbarger will be declared a beneficiary under the Star Plan and will be entitled to receive the benefits associated therewith.

**D.      This Court should exercise its discretion to dismiss Poffenbarger's claim for benefits.**

If this Court finds that Poffenbarger has failed to exhaust her administrative remedies and is required to do so, she urges the Court to stay, rather than dismiss, her third-party action against Star Enterprise pending resolution of her administrative claim.  Dismissal is the proper result here.

4

The decision whether to grant a stay or dismiss the Third-Party Complaint rests within this Court's discretion. *See D'Amico v. CBS Corp.,* 297 F.3d 287, 293 (3d Cir. 2002) (affirming district court's decision to dismiss, rather than stay, claim where plaintiffs failed to exhaust administrative remedies); *accord Lindemann v. Mobil Oil Corp.,* 79 F.3d 647, 651 (7th Cir. 1996) (same). Courts frequently dismiss ERISA claims and require plaintiffs to exhaust their administrative remedies rather than staying the action pending resolution of the administrative claim. *See D'Amico,* 297 F.3d at 293 (noting that, although the plaintiffs argued that they had made a good faith effort to exhaust their administrative remedies, plaintiffs' decision to bring a federal suit "plainly included the possibility" of dismissal). *See, e.g., Harrow,* 279 F.3d at 249 (dismissing plaintiff's claim for failure to exhaust administrative remedies); *Weldon,* 896 F.2d at 800 (same); *Wolf v. National Shopmen Pension Fund,* 728 F.2d 182, 185 (3d Cir. 1984) (same).

In this case, dismissal of Poffenbarger's claim against Star Enterprise makes sense. The result of the administrative process under the Star Plan is not known at this time. If her administrative claim succeeds, Poffenbarger will have no occasion to reassert her ERISA claim against Star Enterprise. If Poffenbarger's administrative claim is denied, the denial would be reviewable only under the liberal "arbitrary and capricious" standard. *See Wolf,* 728 F.2d at 187. Depending on the reasoning and evidence supporting the denial, Poffenbarger's counsel may conclude that a federal claim against Star Enterprise cannot overcome that deferential standard of review.

From the standpoint of federal judicial economy, dismissal likewise makes sense. Poffenbarger's benefits claim against Star Enterprise is the only reason why this case is in federal court. With that claim dismissed, the remainder of the parties' claims can be remanded to state court, and the entire action removed from this Court's docket.

5

## CONCLUSION

For the foregoing reasons, as well as those set forth in its Opening Memorandum,

Star Enterprise respectfully requests that the Court dismiss Poffenbarger's Third-Party

Complaint for failure to exhaust administrative remedies.

Dated: June 27, 2005

POTTER, ANDERSON & CORROON LLP

By: _____
Laurie Selber Silverstein (#2396)
Sarah E. DiLuzio (#4085)
Hercules Plaza
1313 North Market Street
P.O. Box 951
Wilmington, Delaware 19801
(302) 984-6000
lsilverstein@potteranderson.com
sdiluzio@potteranderson.com

*Attorneys for Third-Party Defendant*
*Star Enterprise, Inc.*

Of counsel:

Frederick A. Brodie
Kristen R. Fournier
PILLSBURY WINTHROP SHAW PITTMAN LLP
1540 Broadway
New York, NY 10036
(212) 858-1000

# CERTIFICATE OF SERVICE

I, Laurie Selber Silverstein, hereby certify that on June 27, 2005, I electronically

filed true and correct copies of the foregoing **REPLY MEMORANDUM IN SUPPORT**

**OF STAR ENTERPRISE, INC.'S MOTION TO DISMISS THE THIRD-PARTY**

**COMPLAINT** with the Clerk of the Court using CM/ECF which will send notification

of such filing, which is available for viewing and downloading from CM/ECF, and hand

delivered two (2) copies to the following counsel of record:

> David J. Ferry, Jr., Esq.
> Ferry, Joseph & Pearce, P.A.
> 824 N. Market Street, Suite 904
> P.O. Box 1351
> Wilmington, DE 19801
> dferry@ferryjoseph.com
>
> Robert A. Penza, Esq.
> Peter M. Sweeney, Esq.
> Gordon, Fournaris & Mammarella, P.A.
> 1925 Lovering Avenue
> Wilmington, DE 19806
> rpenza@gfmlaw.com
>
> Kevin J. Connors, Esq.
> Marshall Dennehey Warner Coleman & Goggin
> 1220 North Market Street, 5th Floor
> Wilmington, DE 19801
> kconnors@mdwcg.com

Laurie Selber Silverstein (DSB ID 2396)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Post Office Box 951
Wilmington, Delaware  19899-0951
Tel:  (302) 984-6000
E-mail:  lsilverstein@potteranderson.com