IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM R. DAVIS, as executor of the estate of James W. Davis, Sr., deceased,<br><br>    Plaintiff and Counterclaim<br>    Defendant,<br><br>v.<br><br>RAYMOND JAMES & ASSOCIATES, INC.,<br><br>    Defendant and Cross-claim<br>    Defendant,<br><br>and<br><br>CHRISTINE M. POFFENBARGER,<br><br>    Defendant, Counterclaim<br>    Plaintiff, Cross-claim<br>    Plaintiff and Third-Party<br>    Plaintiff,<br><br>v.<br><br>WILLIAM R. DAVIS, JAMES W. DAVIS, JR., LINDA M. TROUTT, AND STAR ENTERPRISE, INC.,<br><br>    Third-Party Defendants. | C.A. No. 05-288 (KAJ) |

## SCHEDULING ORDER

This ___5th___ day of ___October___, 2005, the Court having conducted an initial

**Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on**

<u>October 5</u>, 2005, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED THAT:

1. <u>Rule 26(a) Initial Disclosures</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure Rule 26(a)(1) within ten days of the date of this Order.

2. <u>Joinder of other Parties and Amendment of Pleadings</u>. All motions to join other parties and to amend or supplement the pleadings shall be filed on or before December 30, 2005.

3. <u>Discovery</u>.

    a. <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of 24 hours of taking testimony by deposition upon oral examination.

    b. <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

c. **Discovery Cut Off.** All discovery in this case shall be initiated so that it will be completed on or before February 28, 2006. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

d. **Disclosure of Expert Testimony.** Unless otherwise agreed to by the parties, they shall file their initial Federal Rules of Civil Procedure 26(a)(2) disclosures of expert testimony on or before ninety days before the date of the completion of discovery; and they shall file a supplemental disclosure to contradict or rebut evidence of the same subject matter identified by another party sixty days before the date for the completion of discovery. To the extent any objection to expert testimony is made pursuant to the principles announced in <u>Daubert v. Merrill Dow Pharm., Inc.</u>, 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

e. **Discovery Disputes.** Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6001 to schedule a telephone conference. Not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages outlining the issues in dispute and its position on those issues. (The

        Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and or summary of the basis for the party's position on the issue.) Not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reason for opposition. Should the Court find that further briefing is necessary upon conclusion of the teleconference, the Court will order it.

    f.    Notwithstanding anything to the contrary in this Scheduling Order, discovery on the third-party complaint of Christine M. Poffenbarger against Star Enterprise, Inc. shall be suspended pending the Court's decision on the motion of Star Enterprise, Inc. to dismiss the third-party complaint as against Star Enterprise, Inc. for failure to exhaust the administrative remedies of the Star Enterprise Retirement Plan. Following the Court's decision on that motion, counsel for the Third-Party Plaintiff and counsel for Star Enterprise, Inc. shall confer in good faith to determine what discovery, if any, would be appropriate in light of the decision.

    4. <u>Application to Court for Protective Order</u>.  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within 10 days from the date of this order. Any proposed order should include the following paragraph:

    Other proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

  5. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

  6. <u>Settlement Conference.</u> Pursuant to 28 U.S.C. §636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. The Magistrate Judge will schedule a settlement conference with counsel and their clients to be held with ninety days from the date of this Order.

  7. <u>Interim Status Report</u>. On __January 4,____, 200_6_, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

  8. <u>Status Conference</u>. On __January 11____, 200_6__, the Court will hold a Rule 16(a),(b) and (c) conference by telephone with counsel beginning at 4:30 p.m. Plaintiff's counsel shall initiate the call. If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

  9. <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before March 17, 2006. Briefing will be presented pursuant to the Court's Local Rules.

10. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11. <u>Pretrial conference</u>. On __August 24__, 2006, the Court will hold a final pretrial conference in chambers with counsel beginning at __4:30__ a.m./p.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before ___ __July 24__, 2006.

12. <u>Motions *in Limine.*</u> Motions *in limine* shall not be separately filed. All *in limine* requests and responses shall be set forth in the proposed pretrial order. Each party shall be limited to five (5) *in limine* requests, unless otherwise permitted by the Court. The motion and response thereto shall contain the authorities relied upon, and no single *in limine* request shall have more than five (5) pages of argument associated with it. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

13. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdicts and interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer

diskette (in Wordperfect format) which contains a copy of these instructions and proposed voir dire and special verdicts and interrogatories.

14. <u>Trial</u>.  This matter is scheduled for a __two__ (2) day non-jury trial beginning at 9:00 a.m. on __September 25__, 2006.  For the purposes of completing pretrial preparations, counsel should plan on each side being allocated a total of four (4) hours to present their case.

 

_____
The Honorable Kent A. Jordan
United States District Judge